IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DEBERAUX MOTLEY | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv57 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Deberaux Motley, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

On September 6, 1990, in the 54th Judicial District Court for McLennan County, Texas, petitioner was convicted of two counts of second degree robbery. Petitioner was sentenced to a term of thirty years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. Petitioner was subsequently released on parole.

On November 17, 2012, petitioner was arrested on a felony warrant in North Carolina, but he was subsequently released on bail. However, on March 26, 2013, petitioner states he turned himself in for a pre-revocation warrant. On April 18, 2013, petitioner's parole was revoked.

Petitioner brings this petition contesting the revocation of his release on parole. Petitioner claims his parole was revoked on April 18, 2013 while he was confined at a prison hospital in North Carolina. Petitioner claims Judge Matt Johnson of the 54th Judicial District Court relied on false and misleading information to deny his state application for writ of habeas corpus. Petitioner also

claims he was denied a fair and proper probable cause hearing. Finally, petitioner claims he could not adequately represent himself at the probable cause hearing without an attorney.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Stiles Unit in Beaumont, Texas. However, petitioner was convicted and sentenced in McLennan County, Texas. Pursuant to 28 U.S.C § 124, McLennan County is in the Waco Division of the Western District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Waco Division of the Western District of Texas and all records and witnesses involving this action may be located in the Western District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District

Court for the Western District of Texas, Waco Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 12th day of April, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE